IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CALVIN S. TAYLOR,              )
                               )
          Petitioner,          )
                               )
     v.                        )     1:14CV709
                               )
FRANK PERRY, Secretary,        )
N.C. Department of Public      )
Safety,                        )
                               )
          Respondent.          )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is Respondent's motion to dismiss the *pro se* petition for a writ of habeas corpus filed by Calvin S. Taylor. (Doc. 5.) Petitioner challenges his State custody under 28 U.S.C. § 2254, primarily alleging ineffective assistance of counsel. (Doc. 2.) On June 8, 2015, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties in accordance with 28 U.S.C. § 636. (Doc. 11.) The Magistrate Judge concluded that this action was time-barred and recommended that the Petition be dismissed. (Id.) Petitioner filed objections to the Recommendation.[1]

---

[1] In addition to filing objections to the Recommendation through counsel (Doc. 16), Petitioner also filed a separate set of objections *pro se*. (Doc. 18.) Individuals should not proceed simultaneously as represented by counsel and *pro se*. Because the *pro se* objections fail to raise a viable argument, however, the court finds that a *de novo* review of them fails to warrant a different conclusion.

The court's obligation is to conduct a *de novo* determination of those portions of the Recommendation to which Petitioner objects. 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Recommendation will be adopted and the petition will be dismissed.

I.  BACKGROUND

On July 14, 2004, a Forsyth County Superior Court jury convicted Petitioner of first-degree burglary, larceny, attempted second degree rape, and being a habitual felon. (Doc. 2 ¶¶ 1-6.) On January 17, 2006, the North Carolina Court of Appeals found no error in Petitioner's conviction. State v. Taylor, No. COA05-425, 2006 WL 91785 at *4 (N.C. Ct. App. 2006). On January 18, 2011, Petitioner signed a Motion for Appropriate Relief ("MAR"), which he later filed in Forsyth County Superior Court. (Doc. 6-3 at 12–17.) The Superior Court denied Petitioner's MAR (id. at 36–39), and Petitioner's request for appellate review was denied on December 19, 2013. (Doc. 2 at 20.) On August 20, 2014, Petitioner filed a petition for a writ of habeas corpus with this court. (Id. at 1.)

II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, governs habeas petitions and prescribes a one-year limitations period for them. 28 U.S.C. § 2244(d)(1). The one-year clock begins to run at the

2

latest of four possible dates, three of which are pertinent to this Order:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; [or]
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year clock is tolled during the time State post-conviction proceedings are pending in any State court and may be equitably tolled in "rare instances." Harris v. Hutchinson, 209 F.3d 325, 328–30 (4th Cir. 2000) (citing 28 U.S.C. § 2244(d)(2)). However, once the limitations period has expired, later-filed State post-conviction petitions cannot revive it. Minter v. Beck, 230 F.3d 663, 665–67 (4th Cir. 2000).

The Magistrate Judge found that the one-year limitations period for Petitioner's habeas claim began running in late February 2006, when Petitioner's direct appeal ended and his convictions became final. (Doc. 11 at 4-5.) The Magistrate Judge therefore concluded that Petitioner's claim is barred by the one-year limitations period because Petitioner filed this action on

3

August 20, 2014, more than seven years after the limitations period for his habeas claim began to run. (Id.)

Petitioner first argues that, under 28 U.S.C. § 2244(d)(1)(D), the limitations period for his habeas claim restarted when he received an affidavit from his trial counsel on April 5, 2011. (Doc. 16 at 3, 5-6). Petitioner claims that he did not become aware of the factual predicate of his claims until he received this affidavit. (Id.) This argument is not persuasive. The affidavit of Petitioner's trial counsel states, in relevant part: "If my motion to continue had been granted, the Defendant and I would have had more time to investigate, develop and prepare a viable defense." (Doc. 6-3 at 31–32.) This statement did not provide Petitioner with any new information regarding the factual predicate of his ineffective assistance of counsel claim. Petitioner was aware that his trial counsel wanted more time to prepare his defense (Doc. 16 at 4), and he raised the trial court's denial of his request for a continuance on direct appeal. See Taylor, 2006 WL 91785 at *3. Because the affidavit from Petitioner's trial counsel provided no new factual information, it did not restart the one-year limitations period under 28 U.S.C. § 2244(d)(1)(D).

Petitioner also argues that his petition is timely because he lacked access to some of his "court paper[s]" in 2006 and 2007. (Doc. 18 at 2–3). Petitioner claims that the State prison lost

4

his paperwork during that period and contends that this prevented him from filing a timely petition.  (Id.)  This argument fails, regardless of whether it is construed as an attempt to invoke 28 U.S.C. § 2244(d)(1)(B) or the doctrine of equitable tolling.  Even if the loss of Petitioner's paperwork tolled the limitations period, as Petitioner contends, his claim would still be time-barred because Petitioner did not file another action until January 18, 2011, more than three years after he recovered his paperwork.

Petitioner next contends that his claim should proceed under the actual innocence exception to the limitations period for habeas claims.  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  In order to satisfy the actual innocence exception, a petitioner must "support his allegations of constitutional error with new reliable evidence."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Petitioner has not presented any such new evidence in this case, relying instead on statements in a police report that was available at the time of his trial.  (Doc. 16 at 6.)

Finally, Petitioner asserts that the one-year limitations period began anew when North Carolina amended its habitual felon statute in 2011.  (Doc. 18 at 2-3.)  Petitioner appears to be referencing changes in the habitual felon sentencing formula, which apply only to offenses occurring on or after December 1, 2011.  Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192, § 3(d)-(e) (modifying N.C. Gen. Stat. § 14-7.6).  This change in

5

State law is unrelated to Petitioner's ineffective assistance of counsel claim and therefore does not implicate 28 U.S.C. § 2244(d)(1) or the doctrine of equitable tolling as to that claim.[2] Even if this new claim were not unexhausted and time-barred, however, it would nevertheless fail on the merits because federal district courts have repeatedly declined to grant habeas relief based on the argument that this State statute should apply retroactively. See Stoneman v. Solomon, No. 1:13cv836, 2014 WL 1270060, at *4 (M.D.N.C. Mar. 26, 2014) (collecting cases).

In sum, the court has carefully reviewed the portions of the Magistrate Judge's report to which objection was made and has made a *de novo* determination, which is in accord with the Magistrate Judge's Recommendation. The court therefore adopts the Magistrate Judge's Recommendation.

**III. CONCLUSION**

For the reasons stated, Petitioner's claim for a writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d)(1).

IT IS THEREFORE ORDERED that Respondent's motion to dismiss (Doc. 5) be GRANTED and that the Petition (Doc. 2) be DISMISSED. A judgment dismissing this action will be entered contemporaneously with this Memorandum Order. Finding neither a

---

[2] "The statute of limitations is specific to each claim in a federal habeas petition." O'Dell v. Plumley, No. 1:14CV73, 2015 WL 500530, at *12 (N.D. W.Va. Feb. 5, 2015) (collecting cases).

6

substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                                    /s/   Thomas D. Schroeder
                                   United States District Judge

September 14, 2015

7